## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| QUEST NETTECH CORPORATION, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | Case No. 2:19-cv-00118-JRG |
| v. | § | |
| | § | |
| APPLE INC., | § | **JURY TRIAL DEMANDED** |
| | § | |
| *Defendant*. | § | |
| | § | |

## PROTECTIVE ORDER

WHEREAS, Plaintiff, Quest Nettech Corp., and Defendant, Apple Inc., hereafter referred to as "the Parties,"[1] believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.     Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material"). Protected Material shall be designated by the

---

[1] "Party" means any party to this case, including all of its officers, directors, employees, and outside counsel and their support staffs. "Parties" shall also include any other parties that are added to this Action and served with process in accordance with the Federal Rules of Civil Procedure.

Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL SOURCE CODE." The words "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL SOURCE CODE" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought.

2.      For digital files being produced, the producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained. In the event that original documents are produced for inspection, the original documents shall be presumed "RESTRICTED – ATTORNEYS' EYES ONLY" during the inspection and re- designated, as appropriate during the copying process. Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL SOURCE CODE," material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format. When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an expert or consultant pre-approved pursuant to paragraph 13, the party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Designating Party and including the production number and designation associated with the native file.  No one shall seek to use in this litigation a .tiff, .pdf or other image format version of a document produced in native file format without first providing a copy

of the image format version to the producing Party so that the producing Party can review the image to ensure that no information has been altered.

3.      For deposition and hearing transcripts, the word "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL SOURCE CODE" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL", "RESTRICTED – ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL SOURCE CODE."  All Protected Material not reduced to documentary, tangible or physical form or which cannot be conveniently designated as set forth herein shall be designated by the producing Party by informing the receiving Party of the designation in writing.  Any document (including physical objects) made available for inspection by counsel for the receiving Party prior to producing copies of selected items shall initially be considered, as a whole, to constitute Protected Material (unless otherwise designated at the time of inspection) and shall be subject to this Order.  Thereafter, the producing Party shall have reasonable time to review and designate the appropriate documents or things as "CONFIDENTIAL" or "RESTRICTED -- ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL SOURCE CODE" prior to furnishing copies to the receiving Party.  In the event a deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written

stipulation of the parties." It shall be the responsibility of the Party that designates the deposition as confidential to inform the videographer of the requirements in this Paragraph.

4.      Any document produced under Patent Rules 2-2, 3-2, and/or 3-4 before issuance of this   Order with the designation "Confidential" or "Confidential - Outside Attorneys' Eyes Only" shall receive the same treatment as if designated "RESTRICTED – ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

5.      With respect to documents, information or material designated "CONFIDENTIAL, "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" ("DESIGNATED MATERIAL"),[2] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS, as well as testimony or presentations by Parties or their counsel in court that reveal Protected Material shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

6.      A designation of Protected Material (i.e., "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE") may

---

[2] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," both individually and collectively.

be made at any time. Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

7.     The following information is not Protected Material: (a) any information that is or, after its disclosure to a receiving Party, becomes part of the public domain as a result of publication not involving a violation of this Order or other obligation to maintain the confidentiality of such information; (b) any information that the receiving Party can show was already publicly known prior to the disclosure; and (c) any information that the receiving Party can show by written records was received by it from a source who obtained the information lawfully and under no obligation of confidentiality to the producing Party.

8.     "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 16 herein:

(a) outside counsel of record in this Action for the Parties;

(b) employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c) up to three (3) in-house counsel ("in-house counsel" includes attorneys or members of the legal staff or the intellectual property department of a party") for the Parties who have responsibility for making decisions dealing directly

with the settlement of this Action;

(d) up to and including three (3) designated representatives of each of the Parties, as well as their immediate staff, to the extent reasonably necessary for the litigation of this Action, provided that: before access is given, the representative has completed the Undertaking attached as Appendix A hereto and the same is served upon the producing Party at least seven (7) days before access to the Protected Material is to be given to that representative to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the representative. The Parties agree to promptly confer and use good faith to resolve any such objection within seven (7) days following the objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within ten (10) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. If relief is not sought from the Court within that time, the objection shall be deemed withdrawn. If relief is sought, Protected Material shall not be disclosed to the representative in question until the Court resolves the objection; except that either party may in good  faith  request  the  other party's  consent  to  designate  one or more additional representatives, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent;

(e) outside consultants or experts (i.e., not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that:

1. Such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action, or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party;

2. Before access is given, the consultant or expert has completed the Undertaking attached as Appendix A hereto and the same is served upon the producing Party with:

    i.    a current curriculum vitae of the consultant or expert;

    ii.    an identification of all pending patent applications on which the consultant or expert is named as an inventor, in which the consultant or expert has any ownership interest, or as to which the consultant or expert has had any involvement in advising on, consulting on, preparing, prosecuting, drafting, editing, amending, or otherwise affecting the scope of the claims; and

    iii.    a list of the cases in which the consultant or expert has testified at deposition or trial within the last five (5) years;

3. Such expert or consultant accesses the materials in the United States only, and does not transport them to or access them from any foreign jurisdiction.

6

Within seven (7) days of the disclosure described in subparagraph (e)(iii) above, the producing Party may notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection within seven (7) days following the objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within ten (10) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order. An initial failure to object to an expert or consultant under this Paragraph shall not preclude the nonobjecting Party from later objecting to continued access by that expert or consultant for good cause.  The Parties agree that, for good cause to exist, facts or circumstances must have become known to the objecting party regarding the expert or consultant that could not have been known before or during the initial failure to object to the expert or consultant. If an objection is made, the Parties shall meet and confer via telephone or in person within seven (7) days following the objection and attempt in good faith to resolve the dispute informally. The designated expert or consultant may continue to have access to information that was provided to such expert or consultant prior to the date of the objection. If a later objection is made, no further Protected Material shall be disclosed to the expert or consultant until the Court resolves the matter or the producing Party withdraws its objection. Notwithstanding the foregoing, if the producing Party fails to move for a protective order within ten (10) days of the notice, further Protected Material may thereafter be provided to the expert or consultant;

(f) independent litigation support services, including persons working for or as court reporters, stenographers and videographers, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action;

(g) translation, graphics or design services, jury or trial consulting services, provided such persons have first agreed to be bound by the provisions of the Protective Order by signing a copy of Appendix A, however, such signed copies of Appendix A shall not be disclosed to or served upon any other Party;

(h) mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential;

(i) the Court (including any Court-appointed mediators or advisors) and its personnel; and

(j) any other person with the prior written consent of the producing Party.

9.      A Party shall designate documents, information or material as

"CONFIDENTIAL" only upon a good faith belief that the documents, information or material

contains confidential or proprietary information or trade secrets of the Party or a Third Party to

whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

10.     Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

11.     To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "RESTRICTED - ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code (such as computer code, scripts, assembly, binaries, object code, source code listings and descriptions of source code, object code listings and descriptions of object code),  live data (that is, data as it exists residing in a database or databases), (collectively, "Source Code Material"),[3] the producing Party may designate such Protected Material as "RESTRICTED CONFIDENTIAL SOURCE CODE."

---

[3] Neither party anticipates that files describing the hardware design of any component, including Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip, and Computer Aided Design (CAD) files that describe the hardware design of any component, will be produced in this case. To the extent that any party believes that the production of such files becomes necessary, the parties agree to meet and confer regarding the appropriate confidentiality designation for any such files at that time.

12.    For Protected Material designated RESTRICTED - ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to: individuals listed in paragraphs 8(a-b), 8(e-g) and 8(i-j), provided, however, that access by individuals pursuant  to paragraph 8(b, e) be limited to individuals who exercise no competitive decision-making authority on behalf of the client, and, with respect to material produced by the Plaintiff, not more than three (3) in-house counsel of the Receiving Party, as well as their immediate paralegals and staff to whom disclosure is reasonably necessary for this case, provided that: (a) each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; and (b) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in paragraph 8 above.

13.    For Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE, the following additional restrictions apply:

(a) Access to a Party's Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet) in a secure room ("Source Code Review Room").    The stand-alone computer(s) shall be connected to (i) a printer, or (ii) a device capable of temporarily storing electronic copies solely for the limited purposes expressly permitted herein. Additionally, the stand-alone computer(s) may only be located at the offices of the producing Party's outside counsel or a location mutually agreed upon by the receiving Party and the producing Party (the "Review Facility"). No recordable media or recordable devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code Review Room;

(b) The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m. on business days (i.e., weekdays that are not Federal holidays). However, upon reasonable notice from the receiving party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal business hours. Prior to the first inspection of any requested Source Code, the receiving Party shall provide twenty-one (21) days' notice of the Source Code that it wishes to inspect. This notice period shall begin upon the receiving Party's request for production of source code.

The receiving Party shall provide seven (7) days' notice prior to any additional inspections. The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

(c)   The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s). The producing Party may visually monitor the activities of the receiving Party's representatives during any Source Code review, but only to ensure that no unauthorized electronic records of the Source Code and no information concerning the Source Code are being created or transmitted in any way;

(d)   The producing Party will produce Source Code Material  in  computer searchable format on the stand-alone computer(s) as described above and will install freely available software tools on the stand-alone computer for purposes of the review (including but not limited to software to perform searches of the Source Code Material), if such tools exist and are in possession of the producing Party at the time the first request to review Source Code is received, upon request by the reviewing Party;

(e)   The receiving Party may, at its own expense, request that the producing Party install software on Source Code Review computer(s) to perform searches of the Source Code Material, provided that such other software is necessary for the receiving Party to perform its review of the Source Code Material consistent with all of the protections herein. The receiving Party must provide the producing Party with media containing such software tools(s) at least seven (7) days in advance of the date upon which the receiving Party wishes to have the additional software available for use on the Source Code Review computer(s). Timely requests for the installation of such search software will not be unreasonably denied so long as the receiving Party possesses an appropriate license to such software tools, and the requested search software is compatible with the operating system, and other software necessary to make the Source Code available for inspection, installed on a Source Code Review computer(s), does not prevent or impede the receiving Party's access to the Source Code Material produced for inspection on Source Code Review computer(s) and does not side-step any of the security features enabled on a Source Code Review computer(s) (e.g., enable connection and use of USB thumb drives during the review). The receiving Party shall not erase, load, install, compile, or otherwise modify any program (or request that any other program be erased, loaded, installed, or otherwise modified by the producing Party) on the Source Code Review computer(s) without first submitting a written request and obtaining the producing Party's agreement to the request;

(f)   Access to Protected Material designated  RESTRICTED   CONFIDENTIAL - SOURCE CODE shall be limited to (i) outside counsel  (ii) up to three (3) outside consultants or experts  (i.e., not existing employees or affiliates of a

Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 8 above;[4] (iii) Court reporters, stenographers and videographers retained to record testimony taken in this action; (iv) the Court (including any Court-appointed mediators or advisors) and its personnel; and (v) any other person with the prior written consent of the producing Party.

(g) A receiving party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, or other Court document, provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

(h) To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE;

(i) Except as set forth in paragraph 13(p) below, no electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically. Images or copies of Source Code shall not be included in correspondence between the Parties (references to production numbers shall be used instead). If a Party reasonably believes that it needs to submit a portion of Source Code as part of a filing with the Court, the Party shall excerpt the Source Code Material to include only the portions of Source Code necessary to that filing;

(j) The receiving Party shall be permitted to have printed by the producing Party portions of Source Code Material reasonably anticipated by the receiving Party to be necessary for use in, and preparation for, court filings and proceedings, infringement or invalidity contentions, expert reports, and depositions of persons or entities permitted access to "RESTRICTED CONFIDENTIAL SOURCE CODE" information of the producing Party, and such other uses to which the parties may agree or that the Court may order. The receiving Party shall not print Source Code Material in order to review blocks of Source Code Material elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code Material electronically on the Source Code Review computer(s), as the parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of code for review and analysis

---

[4] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert, provided that any individual employed by an outside consultant or expert be approved to access Protected Materials pursuant to Paragraph 8 above prior to receiving any Protected Material designated RESTRICTED CONFIDENTIAL - SOURCE CODE.

elsewhere, and that printing is permitted solely to enable use of Source Code Materials in filings, depositions, proceedings, contentions, expert reports, and related drafts and correspondence. The receiving Party's outside counsel and/or experts shall be entitled to take notes relating to the Source Code but may not copy the Source Code into the notes and may not take such notes electronically on the Source Code Computer itself or any other computer;

(k) The receiving Party shall be permitted to make a reasonable number of printouts and photocopies of Source Code Material, all of which shall be designated and clearly labeled "RESTRICTED CONFIDENTIAL SOURCE CODE," and the receiving Party shall maintain a log of all such files that are printed or photocopied and of all electronic copies that are made pursuant to sub-paragraph 13(i) that includes the names of the reviewers and/or recipients of the copies and locations where all such copies are stored. Upon two (2) day's advance notice to the receiving Party by the producing Party, the receiving Party shall provide a copy of this log to the producing Party.[5]  In considering what is reasonable, the receiving Party shall not, in general, ask that more than 250 total pages—with a page being one that has at least 35 lines of code—of Source Code Material be printed. After the receiving Party has asked that 250 total pages of Source Code Material be printed, the Parties shall meet and confer regarding the printing of additional pages, if any, in view of the needs of the case and the amount of Source Code Material that has been made available. Any printed portion that consists of more than ten (10) pages of a continuous block of Source Code shall be presumed to be excessive, and the burden shall be on the receiving Party to demonstrate the need for such a printed copy. In the event that a producing Party believes that a particular printing request is unreasonable, the producing Party and receiving Party shall meet and confer in good faith to attempt to resolve this dispute without the Court's involvement. If they cannot resolve the issue, either Party may seek an order from the Court;

(l) The receiving Party shall maintain a record of any individual who has inspected any portion of the Source Code Material in electronic or paper form. Each page of any printed copies of Source Code Material shall be printed on nonwhite, colored paper. After printing, the producing Party shall clearly label each page of any printed copies "RESTRICTED CONFIDENTIAL SOURCE CODE" and give each page a unique identification number;

(m) All paper copies shall be securely destroyed if they are no longer necessary in the litigation (e.g., extra copies at the conclusion of a deposition);

(n) For depositions, outside counsel for the receiving Party may bring one printed copy of Source Code. Except for the receiving Party's outside counsel's copy of Source Code, the receiving Party shall not bring copies of any printed Source Code. Rather, the producing Party will provide a Source Code computer at the deposition containing all source code, in computer-searchable format,

---

[5] Absent extraordinary circumstance, the producing Party shall not request a copy of this log more than three times during the course of the litigation.

previously produced by the producing Party. Copies of Source Code Material that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts, rather, the deposition record will identify the exhibit by its production numbers;

(o) For Court proceedings, outside counsel for the receiving Party may bring one printed copy of Source Code. Except for the receiving Party's outside counsel's copy of Source Code, the receiving Party shall not bring copies of any printed Source Code. Rather, the producing Party will provide a Source Code computer at the Court proceeding containing all source code, in computer-searchable format, previously produced by the producing Party;

(p) Should such printouts or photocopies be transferred back to electronic media, such media shall be labeled "RESTRICTED CONFIDENTIAL SOURCE CODE" and shall continue to be treated as such;

(q) If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert(s) at all times when it is not in use, with the exception of outside counsel's copies pursuant to subsections (n) and (o) of this Paragraph. The receiving party shall provide access to the printed portions of Source Code Material to no more than a total of fourteen (14) individuals (except insofar as such code appears in any court filing or expert report).

(r) A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 13(f) above to another person authorized under paragraph 13(f) above, on paper mailed in a secure container with a tracking number and must require a signature by the recipient. The recipient must maintain and store the Source Code pursuant to Paragraph 13(q). Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet, except as with respect to the transmission of contentions, expert reports, sealed court filings, or any other document, which pursuant to the Court's rules, procedures, or orders must be filed or served electronically, as set forth in paragraphs 13(g)-(i) above and is at all times subject to the transport restrictions set forth herein.

14.     Absent written consent by the producing Party, any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's Protected Material that is designated RESTRICTED -- ATTORNEYS' EYES ONLY and/or RESTRICTED CONFIDENTIAL SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, or otherwise learns of, in whole

or in part, the other Party's HIGHLY SENSITIVE MATERIAL of a technical nature under this

Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any

patent application before any foreign or domestic agency, including the United States Patent and

Trademark Office pertaining to the field of invention of the patent-in-suit on behalf of the

receiving Party or its acquirer, successor, predecessor, or affiliate during the pendency of this

Action and for 18-months after its conclusion, including any appeals. The prohibitions in this

Paragraph are not intended to and shall not preclude counsel who obtains, receives, or otherwise

learns of, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL from

participating directly or indirectly in reexamination, inter partes review, or covered business

method review proceedings, provided that the law firm of any attorney who obtains, receives, or

otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL

produced by another Party may not, directly or indirectly, advise, consult, or participate in the

drafting of amended or substitute claims in the proceeding, and will not use any of the producing

Party's Protected Material in the proceeding. To ensure compliance with the purpose of this

provision, each Party shall create an "Ethical Wall" between those persons with access to

HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of any Party or its

acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the

preparation or prosecution of any patent application pertaining to the field of invention of the

patent-in-suit. The preceding provision regarding the advice, consultation, or participation in the

drafting of amended or substitute claims in an reexamination, inter partes review, or covered

business method review proceeding shall bar entire firms who actually receive and review a

Party's HIGHLY SENSITIVE MATERIAL but the remaining provisions of this Paragraph shall

only apply to persons who obtain, receive, or otherwise learn of, in whole or in part, the other

14

Party's HIGHLY SENSITIVE MATERIAL.

15.      DESIGNATED MATERIAL must be stored and maintained by a receiving Party

at a location in the United States and in a secure manner that ensures that access is limited to the

persons authorized under this Order. To ensure compliance with applicable United States Export

Administration Regulations, DESIGNATED MATERIAL may not be exported outside the

United States or released to any foreign national (even if within the United States).

16.      Nothing in this Order shall require production of documents, information or other

material that a Party contends is protected from disclosure by the attorney-client privilege, the

work product doctrine, or other privilege, doctrine, or immunity. If documents, information or

other material subject to a claim of attorney-client privilege, work product doctrine, or other

privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production

shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such

privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces

documents, information or other material it reasonably believes are protected under the attorney-

client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the

return of such documents, information or other material by promptly notifying the recipient(s)

and providing a privilege log for the inadvertently or unintentionally produced documents,

information or other material. The recipient(s) shall gather and return all copies of such

documents, information or other material to the producing Party, except for any pages containing

privileged or otherwise protected markings by the recipient(s), which pages shall instead be

destroyed and certified as such to the producing Party. After receiving notice of the inadvertently

or unintentionally produced material referred to herein, the receiving Party shall not access or

view the inadvertently or unintentionally produced material. The information on the Privilege

Log shall be sufficient for the receiving Party to describe the nature of the material in any motion to compel production.

17.     Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon DESIGNATED MATERIAL, provided counsel does not disclose the DESIGNATED MATERIAL itself except as provided in this Order.

18.     Pursuant to Federal Rule of Civil Procedure 26(b)(4)(B), no draft expert reports, notes, outlines, or disclosures leading up to a final expert report are discoverable in whatever form. In addition, where a Party retains independent consultants or experts to further technical or consulting services or to give testimony with respect to the subject matter of this action, the following materials will be deemed to be privileged materials or materials otherwise protected from production based on a claim of privilege (attorney-client, work product, or other privilege) and thus not discoverable:

(a) Correspondence between such independent consultants or experts and a party or its outside counsel;

(b) Drafts of expert reports, declarations, or any other materials drafted by or for such independent consultants or experts regarding the subject matter of this action; and

(c) Communications between such independent consultants and experts and a party or its outside counsel that are related to drafts and/or revisions of expert reports, declarations, or other materials drafted by or for such independent consultants or experts, or that are related to preparation to testify at a hearing, trial, or deposition in this action.

19.     There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

20.     Nothing in this Protective Order shall prevent or restrict a producing Party's own

disclosure or use of its own DESIGNATED MATERIAL for any purpose. Nothing in this Order shall restrict in any way the use or disclosure of DESIGNATED MATERIAL by a receiving Party: (i) that is or has become publicly known through no fault of the receiving Party; (ii) that is lawfully acquired by or known to the receiving Party independent of the producing Party; (iii) previously produced, disclosed and/or provided by the producing Party to the receiving Party or a non-party without an  obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the producing Party; or (v) pursuant to order of the Court.

21.    Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraphs 12-13 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

22.    Parties may, at the deposition or hearing or within thirty (30) days after receipt of

a deposition or hearing transcript, designate the deposition or hearing transcript or any portion

thereof as "CONFIDENTIAL," "RESTRICTED - ATTORNEY' EYES ONLY," or

"RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this Order. Access to the

deposition or hearing transcript so designated shall be limited in accordance with the terms of

this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall

be treated as "RESTRICTED – ATTORNEYS' EYES ONLY". Any Party that wishes to

disclose the transcript, or information contained therein, may provide written notice of its intent

to treat the transcript as non-confidential, after which time, any Party that wants to maintain any

portion of the transcript as confidential must designate the confidential portions within fourteen

(14) days, or else the transcript may be treated as non-confidential.

     23.    Nothing in this Order shall be construed to prejudice any Party's right to use any

DESIGNATED MATERIAL in court or in any court filing with the consent of the producing

Party or by order of the Court, provided that such filing is made under seal.

     24.    Any DESIGNATED MATERIAL that is filed with the Court shall be filed under

seal and shall remain under seal until further order of the Court. The filing party shall be

responsible for informing the Clerk of the Court that the filing should be sealed and for placing

the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption

and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling

requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit

thereto, discloses or relies on confidential documents, information or material, such confidential

portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with

the Court.

     25.    The Order applies to pretrial discovery. Nothing in this Order shall be deemed to

prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial

of this Action, or from using any information contained in DESIGNATED MATERIAL at the

trial of this Action, subject to any pretrial order issued by this Court.

26.     A Party may request in writing to the other Party that the designation given to any

DESIGNATED MATERIAL be modified or withdrawn and state the grounds for the objection.

The objecting Party shall have the burden of conferring either in person, in writing, or by

telephone with the producing Party claiming protection (as well as any other interested party) in

a good faith effort to resolve the dispute. If the designating Party does not agree to redesignation

within ten (10) days of receipt of the written request, the requesting Party may apply to the Court

for relief. Upon any such application to the Court, the burden shall be on the designating Party to

show why its classification is proper. Such application shall be treated procedurally as a motion

to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions

relating to sanctions. In making such application, the requirements of the Federal Rules of Civil

Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of

the application, the designation of the designating Party shall be maintained.

27.     Each outside consultant or expert to whom DESIGNATED MATERIAL is

disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of

this Order, shall be informed that he or she is subject to the terms and conditions of this Order,

and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed

to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

28.     To the extent that any discovery is taken of persons who are not Parties to this

Action ("Third Parties") and in the event that such Third Parties contended the discovery sought

involves      trade   secrets,confidential   business       information,   or       other

proprietary information, then such Third Parties may agree to be bound by this Order.

29.     To the extent that discovery or testimony is taken of Third Parties, the Third

Parties may designate as "CONFIDENTIAL" or "RESTRICTED -- ATTORNEYS' EYES

ONLY" such documents, information or other material, in whole or in part, produced or given by

such Third Parties. The Third Parties shall have ten (10) days after production of such

documents, information or other materials to make such a designation. Until that time period

lapses or until such a designation has been made, whichever occurs sooner, all documents,

information or other material so produced or given shall be treated as "CONFIDENTIAL" in

accordance with this Order.

30.     Within ninety (90) days of final termination of this Action, including any

appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes,

summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts

incorporated into any privileged memoranda of the Parties and materials which have been

admitted into evidence in this Action), shall at the producing Party's election either be returned

to the producing Party or be destroyed. The receiving Party shall verify the return or destruction

by affidavit furnished to the producing Party, upon the producing Party's request.

Notwithstanding the provisions for return of DESIGNATED MATERIAL, outside counsel may

retain one set of pleadings, correspondence and attorney and consultant work product (but not

document productions) for archival purposes, but must return any pleadings, correspondence,

and consultant work product that contain Source Code.

31.     Even after the termination of this case, the confidentiality obligations imposed by

this Order shall remain in effect until a producing Party agrees otherwise in writing or a court

order otherwise directs.  Nothing in this Paragraph shall alter the terms of the Prosecution Bar, or

the length thereof, in Paragraph 14 of this Order.

32.     The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

33.     Any Party knowing or believing that any other Party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.  In the event of a disclosure of any DESIGNATED MATERIAL pursuant to this Order, including any inadvertent loss or misplacement of that material, to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the producing Party whose DESIGNATED MATERIAL has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed DESIGNATED MATERIAL and to ensure that no further or greater unauthorized disclosure and/or use thereof is made. Unauthorized or inadvertent disclosure does not change the status of Discovery Material

21

or waive the right to hold the disclosed document or information as Protected.

34.     If at any time DESIGNATED MATERIAL is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to every Party who has produced such DESIGNATED MATERIAL and to its counsel and shall provide each such Party with an opportunity to move for a protective order regarding the production of DESIGNATED MATERIAL implicated by the subpoena.

35.     Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

36.     Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

37.     This Order shall be binding upon the Parties, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which the Parties have direct control.

38.     Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL. Such protections provided herein are to be construed

to be in addition to, and shall not diminish the protections provided in Fed. R. Civ. P. 26(b)(3)–

(4). Nothing herein, however, limits the rights of Parties to examine an expert or consultant

concerning the information he or she relied upon in forming his or her opinions, which

information shall not be privileged.

**So ORDERED and SIGNED this 20th day of August, 2019.**


_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| QUEST NETTECH CORPORATION, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | Case No. 2:19-cv-00118-JRG |
| v. | § | |
| | § | |
| APPLE INC., | § | **JURY TRIAL DEMANDED** |
| | § | |
| *Defendant*. | § | |
| | § | |

**PROTECTIVE ORDER**

**APPENDIX A**
**UNDERTAKING OF EXPERTS OR CONSULTANTS**
**REGARDING  PROTECTIVE ORDER**

I,_____, declare that:

1.     My address is_____.

2.     My current employer is_____.

3.     My current occupation is_____.

4.     I have received a copy of the Protective Order in this action. I have carefully read and  understand the provisions of the Protective Order.

5.     I will comply with all of the provisions of the Protective Order. I will hold in confidence,  will not disclose to anyone not qualified under the Protective Order, and will use only for  purposes  of  this  action  any  information  designated  as "CONFIDENTIAL,"  "RESTRICTED -- ATTORNEYS' EYES  ONLY,"  or "RESTRICTED CONFIDENTIAL  SOURCE CODE" that is disclosed to me.

6.     Promptly  upon  termination  of  these  actions,  I  will  return  all  documents  and

things  designated as  "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that came into my possession,  and all documents and things that I have prepared relating thereto, to the outside counsel   for the party by whom I am employed.

7.     I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the  Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.


Signature _____

Date _____